575 N.E.2d 1 (1991)
215 Ill. App.3d 600
159 Ill.Dec. 1
In the Interest of C.S., a Minor (The People of the State of Illinois, Petitioner-Appellant,
v.
C.S., Respondent-Appellee).
No. 3-90-0804.
Appellate Court of Illinois, Third District.
July 5, 1991.
Jay P. Hoffmann, State's Attys. Appellate Prosecutor, Ottawa, Edward Burmila, Jr., Will County State's Atty., Joliet, for the People.
Robert Agostinelli, Deputy Defender, Office of the State Appellate Defender, Ottawa, for C.P.
Joseph C. Polito, Joseph C. Polito, Ltd., Joliet, for C.S.
Justice McCUSKEY delivered the opinion of the court:
The defendant, C.S., was charged with one count of criminal sexual abuse (Ill.Rev. Stat.1989, ch. 38, par. 12-15(b)). He subsequently tendered a negotiated plea of guilty. However, the trial court found that no offense had been committed and refused to accept the plea. Thereafter, the State filed two motions for substitution of judge. The trial court denied the motions, and the State appeals. We affirm.
The State first argues the trial court erred in denying its motion for an automatic substitution of judge. Specifically, the State contends the motion for substitution of judge was timely filed within 10 judicial days after being placed on the judge's trial call.
The State, by written motion, may move for an automatic substitution of the trial judge by alleging that such judge is prejudiced against the State. Upon the filing of such motion, the court shall proceed no further in the cause but shall transfer it to another judge. A timely motion for automatic substitution of judge must be filed within 10 judicial days after the case has been placed on the judge's trial call. (Ill.Rev.Stat.1989, ch. 38, par. 114-5(c).) The time within which any act provided by law is to be done shall be computed by excluding the first day and *2 including the last, unless the last day is Saturday or Sunday or is a holiday, and then it shall also be excluded. Ill.Rev.Stat. 1989, ch. 1, par. 1012.
Here, the record reflects that Judge Bolden's first involvement in this case was on October 12, 1990. It also shows the State did not file its motion until October 26, 1990. The motion was filed 4 days after the statutory 10-day time limit. We agree the motion was untimely filed. Therefore, we find the trial court properly denied the State's motion.
The State next argues the trial court erred in denying its motion for substitution of judge for cause. Specifically, it contends the court erred in failing to assign the case to a neutral judge for a hearing on the State's motion.
The State may move at any time for substitution of judge for cause and must support its position with an affidavit. (Ill.Rev.Stat.1989, ch. 38, par. 114-5(d).) However, the right to a substitution of judge for cause is not absolute and the burden of establishing cause rests with the moving party. (People v. Andricopulos (1987), 162 Ill.App.3d 899, 114 Ill.Dec. 147, 516 N.E.2d 302.) Furthermore, the trial court is in the best position to determine whether it has become prejudiced. People v. Hall (1986), 114 Ill.2d 376, 102 Ill.Dec. 322, 499 N.E.2d 1335.
In the case at hand, the record shows the 14-year-old male defendant was charged with having sexual intercourse with a 13-year-old female victim. Defense counsel informed the trial judge that a plea agreement had been reached wherein the defendant agreed to plead guilty in exchange for a sentencing recommendation by the State.
The trial court refused, however, to accept the plea, finding the defendant was not guilty of any crime. It found the parties were of equal stature and the sexual conduct was consensual. The court further explained that some abuse, by either force, lack of consent, or some other factor, was necessary for this to be a crime.
The State then informed the court it wished to present additional evidence to prove that criminal conduct had occurred. The court told the State to proceed with its case. The State responded, claiming the trial court was prejudiced because the judge had stated he would not find the defendant guilty.
The court, in denying the State's motion for substitution of judge, stated:
"Not on the facts that I understood this morning. You're introducing new facts now, and I'll hear them. I didn't hear these facts this morning or at the probable cause hearing either and nothing resembling it. This is all very new, Mr. Knick, all very new. So I haven't [prejudged] those facts because this is the first time I heard them. I haven't [prejudged] anything. I judged what I heard. Now, do you want to present those new facts at your adjudicatory hearing which you're entitled to have? And you may proceed. I'll hear that, and we'll decide then whether this young fellow is guilty of anything. But what I understood this morning and what I understood at the probable cause hearing which is not what I heard this afternoon, I would not have found him guilty. And you can't change the facts on me, Mr. Knick, and then tell me I prejudged the facts, and that's what you've done."
Here, we find the trial court had not formed an opinion on the merits of the State's case and as such, was not prejudiced against the State. The record clearly reflects the trial judge refused to accept the plea on the facts presented by the State. The State then attempted to introduce new evidence at the same time it claimed the court had already formed an opinion on the facts.
The court assured the State that it could be fair and that it was not prejudiced against any new facts the State wished to introduce to establish the defendant's guilt. Our examination of the record clearly fails to show any unfairness to the State. We find the State failed to meet its burden of showing the court was prejudiced against it.
*3 Accordingly, the judgment of the circuit court of Will County is affirmed.
Affirmed.
McCUSKEY, SLATER and HAASE, JJ., concur.